IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| 82 ANDERSON ROAD LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> FARM FAMILY CASUALTY INSURANCE COMPANY, <br><br> *Defendant.* | CIVIL ACTION NO. <br><br> DEMAND FOR JURY TRIAL <br><br><br><br> FEBRUARY 26, 2026 |

## COMPLAINT

Plaintiff 82 ANDERSON ROAD LLC ("Plaintiff") brings this action against FARM FAMILY CASUALTY INSURANCE COMPANY n/k/a ARGONAUT INSURANCE COMPANY ("Defendant") to recover insurance benefits owed under an insurance policy. Plaintiff's claim arises from an August 26, 2024, a wind and hail storm that damaged the roof of Plaintiff's horse riding arena. Although the insurance policy covers this type of loss, Defendant has wrongfully denied Plaintiff's claim and refused to pay the covered amounts due. Accordingly, Plaintiff alleges as follows:

### The Parties

1.  Plaintiff is a limited liability company organized and existing under the laws of the State of Connecticut with its principal place of business located in Wallingford, Connecticut.

2.  Plaintiff's sole member is The Marie A. Herbst 2007 Trust for John's Family (the "Trust").

1

3.    The Trust is a traditional trust administered by its trustees John F. Herbst, who is domiciled in and a citizen of Florida, and Katherine Anne Herbst, who is domiciled in and a citizen of Rhode Island. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of Florida and Rhode Island.

4.    Upon information and belief, at the time of the loss, Farm Family Casualty Insurance Company was a corporation incorporated under the laws of the State of New York, with its principal place of business located in New York, and therefore Defendant was a citizen of New York for purposes of diversity jurisdiction.

5.    On information and belief, in or about October 2025 Farm Family Casualty Insurance Company merged into its affiliate, Argonaut Insurance Company. On information and belief, Argonaut Insurance Company was incorporated under the laws of the State of Nebraska and has a principal place of business in the State of Texas and therefore Defendant is a citizen of Nebraska and Texas for purposes of diversity jurisdiction.

## Jurisdiction and Venue

6.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and the insured property is located in this District.

**Facts Common To All Claims For Relief**

8. Plaintiff owns real property located at 82 Anderson Road, Wallingford, Connecticut (the "Property"). The Property comprises approximately twenty-two acres of land together with equestrian facilities, including an indoor horseback riding arena (the "Riding Arena").

9. The Riding Arena is a rectangular, single-story building, approximately 70 feet wide by 160 feet long, with a metal roof held in place with ring-shank fasteners, which are designed to provide enhanced holding power and resistance to pull-out compared to smooth-shanked nails.

10. At all relevant times, Defendant insured Plaintiff and the Property under a Special Farm Package "10" Policy (the "Policy"), Policy No. 0601G2771.

11. At all relevant times, all premiums due on the Policy had been paid and the Policy was in full force and effect.

12. The Policy provides coverage for direct physical loss of or damage to covered property, including the Riding Arena, and includes coverage for losses caused by wind and hail, subject to the Policy's terms, conditions, limitations, and applicable deductibles.

13. On or about August 26, 2024, a wind and hail storm event occurred at and around the Property (the "Loss").

14. During the Loss, high winds caused uplift forces on the Riding Arena roof, damaging the roof system by causing fasteners to pull out of the wood purlins

and/or be pulled through metal roof panels, resulting in distorted panel geometry and elongated fastener holes.

15. The roof damage caused by the Loss has resulted in significant water intrusion and leaking into the Riding Arena. Among other things, the water intrusion has created an ongoing risk of damage to interior portions of the Riding Arena, including, without limitation, the interior wood trusses and electrical systems.

16. Because of the nature of the damage to the metal roof (including elongated fastener holes and distortion of metal panels), spot repairs are not a practicable or durable long-term remedy. Replacement of the metal roof is necessary to restore the Riding Arena to its pre-loss condition and to prevent continuing water intrusion and related deterioration.

17. The leaking and related conditions also create safety and operational concerns for the Riding Arena and its users, including young riders, because sudden water intrusion and noise can startle horses and create hazardous riding conditions.

18. After discovering the damage to the roof of the Riding Arena, Plaintiff promptly provided Defendant notice of the Loss and made a claim for coverage under the Policy.

19. Plaintiff cooperated with Defendant's investigation, made the Property available for inspection, and otherwise complied with all applicable Policy conditions required of the insured. Indeed, photographs taken by Defendants' investigators confirmed the damage to the roof of the Riding Arena.

20. Plaintiff also submitted documentation supporting its claim, including information concerning the scope and cost of the required roof replacement in the amount of approximately $136,700 (the "Covered Loss Amount"), together with reports from a consulting structural engineer and a roofing contractor, each of whom concluded that the Loss caused damage to the Riding Arena roof and that replacement is required.

21. In addition to the structural engineer and roofing contractor reports, Plaintiff provided Defendant with real-time videos of the storm, videos showing roof leaks after the storm, and numerous photographs depicting roof distortion and ring-shank fastener pullouts as a result of the storm.

22. Notwithstanding the foregoing efforts by Plaintiff, Defendant failed and refused to pay amounts due under the Policy, including the Covered Loss Amount. Defendant has denied the claim on the asserted ground that the August 26, 2024, wind and hail event did not cause damage to the metal portion of the Riding Arena roof, and/or on other grounds that are inconsistent with the facts and the Policy.

23. Defendant's denial and/or failure to pay has deprived Plaintiff of the benefits of the insurance contract and has caused Plaintiff to suffer a pecuniary loss.

**COUNT ONE -- Declaratory Judgment (28 U.S.C. § 2201)**

24. Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

25. An actual, justiciable controversy exists between the parties concerning coverage under the Policy for the Loss and the amounts due for the damage to the Riding Arena roof.

26. Plaintiff seeks a declaration that: (a) the Loss is a covered loss under the Policy; (b) the damage to the Riding Arena roof was caused by the August 26, 2024, wind and hail event; and (c) Defendant is obligated to pay the reasonable and necessary costs to replace the damaged roof in accordance with the Policy, subject to any applicable deductible.

## COUNT TWO – Breach of Contract

27. Plaintiff incorporates paragraphs 1 through 23 as if fully set forth herein.

28. The Policy is a valid and enforceable contract between Plaintiff and Defendant.

29. Plaintiff has performed all obligations required of it under the Policy, or such obligations have been waived or excused.

30. Defendant breached the Policy by, among other things, failing and refusing to pay benefits due for a covered loss and failing and refusing to pay Plaintiff for the reasonable and necessary costs to replace the damaged Riding Arena roof as required by the Policy.

31. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to the

Covered Loss Amount, mitigation expenses, and other consequential losses recoverable under the Policy and applicable law.

**COUNT THREE — Violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Conn. Gen. Stat. § 42-110a *et seq.*)**

32. Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.

33. At all relevant times, Defendant was engaged in trade or commerce in the State of Connecticut within the meaning of General Statutes §§ 42-110a(4) and 42-110b(a), including the business of selling, administering, adjusting, and paying (or denying) insurance claims.

34. In handling Plaintiff's claim arising from the August 26, 2024, Loss, Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its business, in violation of CUTPA, including, without limitation, by committing unfair claim-settlement practices prohibited by the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-816(6), such as by not attempting in good faith to effectuate prompt, fair, and equitable settlement when liability had become reasonably clear and compelling insureds to institute litigation to recover amounts due.

35. Upon information and belief, Defendant's unfair claim-settlement practices were not isolated to Plaintiff's claim, but were committed with such frequency as to indicate a general business practice.

36. On information and belief, Defendant has engaged in similar conduct in other property claims involving wind and/or hail roof losses.

37. For example, on information and belief, in at least one other Connecticut property claim on a nearby property arising from the same wind and hail storm, Defendant limited coverage to only one side of a roof despite evidence of comparable damage to the entire roof, delayed and resisted adjustment for months, and effectively required the insured to retain a public adjuster to obtain a materially higher offer that still did not fully reimburse the insured for his losses.

38. Defendant's conduct offended public policy and was immoral, unethical, oppressive, and/or unscrupulous, and caused substantial injury to insureds that is not outweighed by countervailing benefits and could not reasonably have been avoided.

39. As a direct and proximate result of Defendant's CUTPA/CUIPA violations, Plaintiff suffered an ascertainable loss, including but not limited to, unpaid policy benefits; costs to mitigate and address ongoing water intrusion; loss of use and operational disruption; and out-of-pocket expenses, all in amounts to be proven at trial.

40. Defendant acted knowingly and/or recklessly with respect to the unfair or deceptive nature of the foregoing acts and practices.

41. In accordance with General Statutes § 42-110g(c), a copy of this Complaint will be mailed to the Office of the Attorney General and the Commissioner of the Department of Consumer Protection for the State of Connecticut.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A.　Declaring the parties' rights and obligations under the Policy as requested in Count One;

B.　Awarding Plaintiff compensatory damages on Count Two in an amount to be proven at trial, including, without limitation, the amounts due under the Policy for replacement of the Riding Arena roof;

C.　Awarding Plaintiff actual damages, punitive damages, and reasonable attorneys' fees and costs on Count Three in an amount to be proven at trial;

D.　Awarding pre-judgment interest to the extent permitted by applicable law and post-judgment interest under 28 U.S.C. § 1961;

E.　Awarding Plaintiff reasonable attorneys' fees and recoverable expenses as permitted by the Policy and/or applicable law.

F.　Awarding costs and such other and further relief as the Court deems just and proper; and

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF
82 ANDERSON ROAD LLC

By: /s/ *Michael T. Cretella*
Michael T. Cretella (ct29512)
BRENNER, SALTZMAN & WALLMAN LLP
271 Whitney Avenue
New Haven, CT 06511
Juris No. 006063
(203) 772-2600
(203) 562-2098 Fax.
mcretella@bswlaw.com